Christopher M. Naghibi, Bar No.: 320518
BLACK CROWN LAW
23276 South Pointe Drive, Suite 208
Laguna Hills, CA 92653
Telephone: (949) 238-8070
Facsimile: (949) 238-8070
Email: cnaghibi@blackcrowninc.com

Attorney for Plaintiff
BLACK CROWN INC.

**UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BLACK CROWN INC., a California Corporation,<br><br>              Plaintiffs,<br>     v.<br><br>ANHEUSER-BUSCH COMPANIES, LLC, a Delaware Limited Liability Company; WWW.BLACKCROWN.COM, a California Business Entity of Unknown Status and Does 1-50, Inclusive,<br><br>              Defendants. | Case No.: _____<br><br>**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF:**<br><br>**(1) FEDERAL TRADEMARK INFRINGEMENT [15 U.S.C. §1114/Lanham Act § 43(a)];**<br><br>**(2) TRADEMARK DILUTION [15 U.S.C. §1125(c); CALIFORNIA BUSINESS & PROFESSIONS CODE §14330];**<br><br>**(3) CYBERSQUATTING [15 U.S.C. §1125(d)]**<br><br>**(4) UNFAIR BUSINESS PRACTICES [CALIFORNIA BUSINESS & PROFESSIONS CODE §17200]; and**<br><br>**(5) UNJUST ENRICHMENT**<br><br>**DEMAND FOR JURY TRIAL** |

COMES NOW, Plaintiff BLACK CROWN INC. to hereby file its Complaint against Defendant ANHEUSER-BUSCH COMPANIES, LLC ("AB"), WWW.BLACKCROWN.COM and Does 1-50, inclusive (collectively "Defendants").

## JURISDICTIONAL ALLEGATIONS

1. This Court has Federal subject matter jurisdiction over this matter pursuant to *28 U.S.C. §§ 1331* and *1338(a)* and *(b)*, by virtue of *15 U.S.C. §1051 et seq.*, in that the case arises out of *§43(a)* of the *Lanham Act* for trademark infringement, and supplemental jurisdiction under *28 U.S.C. §§ 1367(a) and 1338 (a)(b)*.

2. Venue is proper, *inter alia*, under *28 U.S.C. § 1391(b)* because on information and belief, a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

3. Personal jurisdiction exists over Defendants because on information and belief, Defendants conduct business in California and in this judicial district, or otherwise avail themselves of the privileges and protections of the laws of the State of California, such that this Court's assertion of jurisdiction over Defendants does not offend traditional notions of fair play and due process.

4. Judicial economy, convenience and fairness to the parties will result if this Court assumes and exercises its subject matter jurisdiction over all causes of action averred herein.

## THE PARTIES

5. Plaintiff BLACK CROWN INC. (hereinafter "Plaintiff") is now, and was at the time of the filing of this Complaint and at all intervening times, a California corporation, duly authorized and licensed to conduct business in California, with its principal place of business in California.

6.    Plaintiff BLACK CROWN INC. is actively engaged in several real estate related businesses lines operating under the fictitious business names of "Black Crown Law," "Black Crown Realty" and "Black Crown Management."

7.    Plaintiff is informed and believes that Defendant WWW.BLACKCROWN.COM is now, and was at the time of the filing of this Complaint and all intervening times, a California Business Entity of Unknown Status operating a website at http://www.blackcrown.com, with a principal place of business located at One Busch Place, St. Louis, Missouri 63118

8.    Plaintiff is informed and believes that Defendant AB is now, and was at the time of the filing of this Complaint and all intervening times, a Delaware limited liability company with a principal place of business located at One Busch Place, St. Louis, Missouri 63118.

9.    The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants herein are designated by fictitious names and Does 1-50, inclusive, are unknown to Plaintiff.  Plaintiff therefore sues said Defendants by such fictitious names.  When the true names and capacities of said Defendants have been ascertained, Plaintiff will amend this pleading accordingly.

10.    Plaintiff further alleges that Does 1-50, inclusive, sued herein by fictitious names are jointly, severally and concurrently liable and responsible with the named Defendants upon the causes of action hereinafter set forth.

11.    Plaintiff is informed and believes and thereon alleges that at all times mentioned herein Defendants AB, WWW.BLACKCROWN.COM, and Does 1-50, inclusive, and each of them (collectively, "Defendants"), were the agents, servants and employees of every other Defendant and the acts of each Defendant, as alleged herein, were performed within the course and scope of that agency, service or employment.

Case 8:20-cv-00023 Document 1 Filed 01/06/20 Page 4 of 15 Page ID #:4

## INJURY TO PLAINTIFF

12. Plaintiff owns a registered United States trademarks in the word mark "Black Crown," under U.S. Reg. No. 5,878,904, registered October 8, 2019; collectively attached herewith as Exhibit "A."

13. Plaintiff owns and operates a disruptive technology startup with a focus on, including, but not limited to real estate agency services, real estate brokerage, real estate consultation, real estate listing, real estate management consultation, real estate management services, real estate procurement for others, real estate syndication, commercial and residential real estate agency services and residential real estate agency services under the Mark in the United States. Plaintiff has been engaged in active operations since the Mark's first use in commerce dated February 12, 2019. Black Crown Realty, Black Crown Law and Black Crown Management collectively prominently bear the Mark in all client facing material such as its website, letterhead, merchandise, marketing material and investor presentations. Plaintiff's Mark has been continually used in commerce since its date of first use.

14. Plaintiff has distinguished itself as a leader in real estate related services with a high-end personal touch and focus on giving back to the community. The success of the Plaintiff's brand has been strongly bolstered by the industry ties of its Chief Executive Officer, Christopher M. Naghibi who has been actively engaged in the industry for over twenty (20) years. This combined commitment to excellence and unique disruptive platform has caught the attention of major private equity and venture capital investors who have agreed to provide an initial Series A round of financing in excess of five million dollars ($5,000,000.00 USD) contingent upon the resolution of the subject causes of action which these investors discovered during their own due diligence vis-à-vis the website utilizing the web address http://www.blackcrown.com owned and operated by Defendants.

- 4 -
COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

15. Due to Plaintiff's extensive use of the Mark in marketing for its initial startup capital, Plaintiff has built up significant goodwill therein and its financial viability has been praised and recognized in numerous articles appearing in both trade publications and those directed to the general public. An increasingly large list of top celebrities have used the ultra-high net worth focused real estate services in confidence to facilitate their personal and professional real estate needs. Both Plaintiff's client list and investors are strictly confidential and are detrimental to the continued success of the underlying business operations and their respective financial commitments.

16. Upon information and belief, Defendants own and operate or have operated an online presence utilizing the web address of http://www.blackcrown.com which was nefariously redirecting traffic to another web address of https://www.parley.tv/updates/2017/5/5/corona-x-parley-100-islands-2020 which marketed a real estate related environmental cleanup endeavor and sale of related merchandise in such an ambiguous manner that it was unclear if it related to the Plaintiff's core business and celebrity clientele base, a print out of the ambiguously branded website is attached hereto as Exhibit "B" and incorporated by reference.

17. A printout from Domain Tools' WHOIS database reflecting AB as the registrant of the registration of Defendants' web address http://www.blackcrown.com domain name is attached hereto as Exhibit "C" and incorporated herein by reference.

18. A printout from Domain Tools' WHOIS database reflecting Domains By Proxy, LLC as the registrant of the registration of Defendants' web address https://www.parley.tv/updates/2017/5/5/corona-x-parley-100-islands-2020 domain name is attached hereto as Exhibit "D" and incorporated herein by reference.

19. Plaintiff is informed and believes that Defendants have used Domains By Proxy, LLC for the registration of the https://www.parley.tv domain name in an attempt to conceal their identity.

20. Plaintiff is informed and believes that Domains By Proxy, LLC is in possession of Defendants' true identities and contact information.

21. Plaintiff must conduct preliminary discovery on Domains By Proxy, LLC in order to discover Defendants' true identities

22. On January 29, 2015 Defendant AB voluntarily abandoned a pending application for a United States trademark in the word mark "Black Crown," under U.S. Serial No. 85,768,102, applied for on October 31, 2012; collectively attached herewith as Exhibit "E."

23. Defendant owns a registered United States trademarks in the word mark "Budweiser Black Crown," under U.S. Reg. No. 4,415,994, registered October 8, 2013; collectively attached herewith as Exhibit "F."

24. On January 29, 2019 Plaintiff amicably offered to purchase the web address of http://www.blackcrown.com via email as it was the rightful owner of the Mark as it relates to real estate; attached herewith as Exhibit "G." The Plaintiff was put on notice of brand confusion when it was declined a multi-million dollar investment from several investors who had been confused by the similarity of the Mark to the business model of the Plaintiff. Additional confusion has resulted in unsuspecting consumers and clients donating to what appeared to be a real estate related charitable endeavor by the Defendants flagrant and unjustified illegal use of Plaintiff's Mark.

25. Plaintiff is informed and believes that after this email on January 29, 2019 Defendant AB changed the public WHOIS database reflecting AB as the registrant to

"Anonymous" as the registrant of the registration of Defendants' web address http://www.blackcrown.com in an attempt to conceal their identity.

26. On or about April 3, 2019 Defendants voluntarily and with full informed knowledge renewed the web address of http://www.blackcrown.com, as it was set to expire on April 8, 2019, for an additional year with a new expiration date of April 8, 2020.

27. On September 23, 2019 Defendants released a Press Release titled "Bud and Beam are Back with Black" introducing a new Budweiser Black Lager limited release alcoholic beverage, attached herewith as Exhibit "H." It is of particular note that at no time has any of the Defendant's branding reference the work mark "Black Crown" in any manner, nor is there any reference to any such imagery or branding.

28. On October 8, 2019 Plaintiff sent a cease and desist letter to the Defendants specifically identifying the trademark infringement, attached herewith as Exhibit "I." This cease and desist letter also served to notify Defendants that they have voluntarily abandoned any rights to the pending trademark application with the word mark "Black Crown" on January 29, 2015. Instead of responding to Plaintiff's several attempts to amicably resolve the matter, Defendants redirected web address http://www.blackcrown.com to the unrelated and newly launched beverage product named "Budweiser Black Lager" located at the web address http://www.budweiser.com.

29. Defendants have intentionally and knowingly confused consumers by redirecting the web address http://www.blackcrown.com to a real estate related charity which utilizes solely the Mark rightfully held by the Plaintiff for an extended an unknown period of time.

30. Defendants have further intentionally and knowingly continued to claim ownership in the word mark by deploying nefarious and illicit tactics to hide their identity rather

than address the infringement which only supplements the mounting evidencing of their culpability and prolonging the economic and reputational damage to the Plaintiff.  These actions have been tantamount to cybersquatting as the Defendants lack a legitimate claim and have acted in a manner to prevent the Plaintiff as the trademark holder from gaining access to the name.

31. Upon information and belief, Defendants' use of Plaintiff's Mark through the creation and/or use of the web address http://www.blackcrown.com as it relates to real estate was willful, having been adopted with informed knowledge of Plaintiff's rights in and to the Mark, with the intent to trade on and benefit from the goodwill established by the amicable offer to purchase the Mark upon its looming expiration.  The attempts by the Defendants to hide their identity, redirect the web address and ultimately ignore the severity of the fully disclosed and identified infringement show a willful and blatant disregard for the Plaintiff's rights and resulting tangible damages.

**FIRST CAUSE OF ACTION**

**(Federal Trademark Infringement Against Defendants ANHEUSER-BUSCH COMPANIES, LLC, WWW.BLACKCROWN.COM, and Does 1-50, Inclusive)**
**[15 U.S.C. §1114/Lanham Act § 43(a)]**

32. Plaintiff repeats and re-alleges every allegation set forth in Paragraphs 1-31.

33. Defendants are actually aware that Plaintiff is the registered trademark holder of the word mark "Black Crown."  Further, Plaintiff's registration on the Principal Register give constructive notice of Plaintiff's ownership rights.

34. Defendants did not and failed to obtain the consent or authorization of Plaintiff as the registered owner of the subject name and Mark to commercially market real estate related services bearing the Plaintiff's Mark into the stream of commerce after voluntarily abandoning their own similar word mark years before.

35. Defendants intentionally and knowingly used in commerce the colorable imitation of Plaintiff's registered mark in connection with the sale, offering for sale, distribution, or advertising real estate related products or products for the benefit of real estate in direct contradiction to the Plaintiff's registered mark utilizing "Black Crown" as its web address located at http://www.blackcrown.com."

36. Defendants' egregious and intentional use and sale of items vis-à-vis the web address http://www.blackcrown.com for the benefit of real estate related environmental cleanup is likely to cause confusion, or to cause mistake, or to deceive, mislead, betray and defraud the consumer who believes that the items are related to the mission statement of the Plaintiff.

37. Defendants' continued and knowing use of Plaintiff's trade name and Mark without Plaintiff's consent or authorization constitutes intentional infringement of Plaintiff's federally registered trademarks in violation of Section 32 of the *Lanham Act, 15 U.S.C. §1114*.

## SECOND CAUSE OF ACTION

**(Dilution by Tarnishment Against Defendants ANHEUSER-BUSCH COMPANIES, LLC, WWW.BLACKCROWN.COM, and Does 1-50, Inclusive)**
**[*15 U.S.C. §1125(c), California Business and Professions Code §14330 et seq., and California Common Law*]**

38. Plaintiff repeats and re-alleges every allegation set forth in Paragraphs 1-37.

39. Plaintiff's Mark is "famous" within the meaning of the *Lanham Act* and is distinctive in the states in which trademark registration was obtained by virtue of the substantial inherent and acquired distinctiveness of the Mark, the extensive use in the relevant states and the wide advertising and publicity of Plaintiff's goods bearing the Mark.

40. As a result of the substantial inherent and acquired distinctiveness in Plaintiff's Mark, extensive use in the states in which registration was obtained, and the wide advertising

and publicity of the Mark, Plaintiff's Mark has become strong and is widely identified and respected.

41. Upon information and belief, Defendants' unlawful actions began long after their own similar word mark had been voluntarily abandoned years before. The Plaintiff's Mark has since become famous and Defendants acted knowingly, deliberately and willfully with the intent to trade on Plaintiff's reputation and to dilute Plaintiff's Mark. Defendants' conduct is willful, wanton and egregious.

42. The actions of Defendants complained of herein are likely to injure the business reputation of Plaintiff and its Mark.

43. Defendants' intentional use of the web address http://www.blackcrown.com as it relates to real estate bearing Plaintiff's Mark unfairly competes with Plaintiff and is likely to cause confusion, mistake or to deceive, mislead, betray and defraud consumers to believe that the unlicensed use is related to the rising enterprise value of the Plaintiff.

44. Defendants' unauthorized and continued use of Plaintiff's famous Mark has diluted and will continue to dilute and tarnish Plaintiff's name and Mark, and is likely to detract from the distinctiveness of Plaintiff's Mark.

45. Defendants' conduct is intended to trade on Plaintiff's reputation and goodwill and the high charitable standards of Plaintiff's high-net worth clientele and multi-billion dollar private equity and venture capital base. Defendants' failure to redirect or identify as an unrelated entity despite being put on notice by the Plaintiff will and has marred the perception among consumers and investors regarding Plaintiff's enterprise value and mission statement. This serves only to dilute the strength and value of Plaintiff's Mark and has saturated the market with

misinformation regarding the mission of the Plaintiff largely detouring potential customers and investors.

46. Defendants' continuing and knowing use of "Black Crown" constitutes intentional infringement of Plaintiff's common law trademarks in violation of *15 U.S.C. § 1125(c)* and California common law, as well as dilution and injury to business reputation in violation of *Cal. Bus & Prof. Code § 14330 et seq.*

47. Plaintiff has no adequate remedy at law to compensate it fully for the damages that have been caused and which will continue to be caused by Defendants' unlawful acts, unless they are enjoined by this Court.

## THIRD CAUSE OF ACTION

**(Cybersquatting Against Defendants ANHEUSER-BUSCH COMPANIES, LLC, WWW.BLACKCROWN.COM, and Does 1-50, Inclusive)**
**[*15 U.S.C. §1125(d)*]**

48. Plaintiff repeats and re-alleges every allegation set forth in Paragraphs 1-47.

49. Upon information and belief, Defendants have a bad faith intent to profit from the continued annual registration and use of the web address http://www.blackcrown.com by creating an association with Plaintiff's famous "Black Crown" trademark after ultimately abandoning their own pursuit of the word mark.

50. Plaintiff has unascertainable damages by Defendants' unlawful historic use of the web address http://www.blackcrown.com domain name and continues to suffer irreparable harm while the Defendants have now pointed the address to a blank page which serves in effect to hold Plaintiff hostage to the potential for continued abuse of the Plaintiff's word mark.

51. Plaintiff's multiple attempts to purchase the web address at a fair market value, discuss an amicable resolution to the historic infringement or have reasonable assurances regarding the potential for future infringement(s) have not resulted in a single response from the

Defendants until a draft copy of the Complaint was provided as a courtesy to Defendants on December 16, 2019. In response, Defendants' counsel provided on behalf of the Defendants a threatening, confrontational and misleading letter dated December 17, 2019 which did not address a single factual contention of the Complaint or any of its proposed causes of action, attached herewith as Exhibit "J."

52. Defendants' acts, as aforesaid, are in violation of the *Anticybersquatting Consumer Protection Act* under Section 43(4) of the *Lanham Act, 15 U.S.C. §1125(d)*.

### FOURTH CAUSE OF ACTION

**(Unlawful, Unfair, Fraudulent Business Practices Against Defendants ANHEUSER-BUSCH COMPANIES, LLC, WWW.BLACKCROWN.COM, and Does 1-50, Inclusive)**
**[*California Business and Professions Code §17200 et seq.*]**

53. Plaintiff repeats and re-alleges every allegation set forth in Paragraphs 1-52.

54. Defendants have committed all of the aforesaid acts of infringement deliberately, willfully, maliciously and oppressively, without regard to Plaintiff's legal, contractual and exclusive proprietary rights.

55. Defendants' acts and practices as detailed above constitute acts of unlawful, unfair or fraudulent business acts and practices within the meaning of *California Business and Professions Code §17200*.

56. Defendants have engaged in transactions that are in violation of numerous provisions of California law. Strict liability may be applied even if Defendants' acts have violated only one of the three provisions set forth above.

57. Pursuant to *California Business and Professions Code §17203*, Plaintiff seeks an order from this Court prohibiting Defendants from engaging or continuing to engage in the unlawful, unfair, or fraudulent business acts or practices set forth in this Complaint and/or

ordering that Defendants perform their obligations under the law and cancel any illegal obligations.

58. Plaintiff additionally requests an order from this Court requiring that Defendants disgorge profits and return or pay to Plaintiff all of Defendants' ill-gotten gains obtained from the illegal transactions, and/or pay restitution, including the amount of monies that should have been paid or invested if Defendants complied with their legal obligations, or, as equity requires.

59. Plaintiff further requests a court order that an asset freeze or constructive trust be imposed over all monies in Defendants' possession which rightfully belong to Plaintiff.

## FIFTH CAUSE OF ACTION

**(Unjust Enrichment Against Defendants ANHEUSER-BUSCH COMPANIES, LLC, WWW.BLACKCROWN.COM, and Does 1-50, Inclusive)**

60. Plaintiff repeats and re-alleges every allegation set forth in Paragraphs 1-59.

61. By virtue of the egregious and illegal acts of Defendants as described above, Defendants have been unjustly enriched in an amount to be proven at trial.

62. Defendants' retention of monies gained through its deceptive business practices, infringements, acts of avoiding culpability and otherwise would serve to unjustly enrich Defendants and would be contrary to the interests of justice.

**WHEREFORE**, Plaintiff BLACK CROWN INC. prays for judgment against Defendants, as follows:

    *A.* For damages in an amount to be proven at trial for trademark infringement under *15 U.S.C. §1114/Lanham Act § 43(a)*;

    B. For damages in an amount to be proven at trial for trademark dilution under *15 U.S.C. §1125(c)*;

    C. For damages in an amount to be proven at trial for common law unfair competition;

D.  For damages in an amount to be proven at trial for unfair, fraudulent and illegal business practices under *California Business and Professions Code §17200;*

E.  For disgorgement of Defendants' profits under *15 U.S.C. §1117(a);*

F.  For an injunction by this Court prohibiting Defendants from engaging or continuing to engage in the unlawful, unfair or fraudulent business acts or practices described herein;

G.  For an order from the Court requiring that Defendants provide complete accountings and for equitable relief, including that Defendants disgorge and return or pay their ill-gotten gains obtained from the illegal transactions entered into and or pay restitution, including the amount of monies that should have been paid if Defendants' complied with their legal obligations, or as equity requires;

H.  For an order from the Court that an asset freeze or constructive trust be imposed over all monies and profits in Defendants' possession which rightfully belong to Plaintiff;

I.  For transfer of ownership of the web address wrongfully in the Defendants' possession under *15 U.S.C. §1118;*

J.  For treble damages suffered by Plaintiff as a result of the willful and intentional infringements and acts engaged in by Defendants, under *15 U.S.C. §1117(b);*

K.  For damages in an amount to be proven at trial for unjust enrichment;

L.  For Plaintiff's reasonable attorney's fees;

M.  For all costs of suit; and

N.  For such other and further relief as the Court may deem just and equitable.

**DEMAND FOR JURY TRIAL**

Plaintiff BLACK CROWN INC., respectfully demands a trial by jury in this action.

Dated: January 6, 2020

BLACK CROWN LAW

By: _____,
Christopher M. Naghibi, Esq.
Attorney for Plaintiff
BLACK CROWN INC.